**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00584-RWS |
| ) | |
| POTOSI CORRECTIONAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Anthony Moore for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that Moore lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order Moore to file an amended complaint on a Court form.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

<␊␊<␊

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Moore has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Moore is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Moore is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. He has filed a document with the Court that has been construed as a prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] The complaint is handwritten and not on a Court form. Moore names the PCC, Warden Blair, Functional Unit Manager Pultz, CSII Since, CSI Brown, Mental Health Director Ashley Skaggs, COIII Crawford, COI Stamps, and COII Jones as defendants. (Docket No. 1 at 1). He does not indicate the capacity in which defendants are sued.

---

[1] The document is titled "Order to Show Cause for a Preliminary Injunction" and purports to be an order restraining defendants from carrying out a "special security order" against Moore. The document references a complaint, supporting affidavits, and a memorandum of law, but the Court has not received any filings beyond the proposed order and Moore's motion for leave to proceed in forma pauperis.

3

In the complaint, Moore states that defendants have "arbitrarily implemented" a special security order (SSO) against him. (Docket No. 1 at 3). According to this SSO – which Moore has attached as an exhibit – the "window slider on [his] cell door [must] remain closed at all times for the duration of 30 days," except during security checks, medication, and mealtimes. (Docket No. 1-1). The SSO also directs Moore to exit his cell backwards while facing the back wall when his cell door is opened.

Moore alleges that keeping the window slider closed deprives him of his sense of sight. (Docket No. 1 at 3). As such, he claims that his Eighth and Fourteenth Amendment rights have been violated. (Docket No. 1 at 2). He seeks to enjoin defendants from enforcing the SSO. (Docket No. 1 at 3).

## Discussion

Moore is a self-represented litigant who has filed a document that has been construed as a civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed the complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that the complaint is subject to dismissal. Specifically, the complaint is not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Furthermore, Moore has not provided allegations as to what each of the individual defendants did or did not do to harm him.

Because Moore is proceeding as a self-represented litigant, he will be allowed to amend his complaint according to the instructions set forth below.

Moore should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, he should clearly name each and

every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, he may add additional sheets of paper. However, all the defendants must be clearly listed. Moore should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, Moore should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). He should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Moore should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, he may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Moore must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If Moore is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Moore is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, he must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Moore to make general allegations against all the defendants as a group. Rather, he needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Moore is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Moore's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Moore will be given **thirty (30) days** in which to file his amended complaint on a Court-provided form according to the instructions set forth above. If he fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Moore.

Accordingly,

**IT IS HEREBY ORDERED** that Moore's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Moore must pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this order. Moore is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Moore a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Moore shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if Moore fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of Moore's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

                                                      */s/ Rodney W. Sippel*
                                                      RODNEY W. SIPPEL
                                                      UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2021.