UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-cv-00584-RWS |
| | ) |
| POTOSI CORRECTIONAL CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 23, 2021, the Court ordered plaintiff to file an amended complaint on a Court form. (Docket No. 3). He was given thirty days in which to comply. The Court has not received a response. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. On May 19, 2021, he filed a document titled "Order to Show Cause for a Preliminary Injunction." (Docket No. 1). The Court construed the document as a prisoner civil rights action pursuant to 42 U.S.C. § 1983. The complaint named the PCC, Warden Blair, Functional Unit Manager Pultz, CSII Since, CSI Brown, Mental Health Director Ashley Skaggs, COIII Crawford, COI Stamps, and COII Jones as defendants. (Docket No. 1 at 1). Plaintiff did not indicate the capacity in which defendants were sued.

In the complaint, plaintiff stated that defendants have "arbitrarily implemented" a special security order (SSO) against him. (Docket No. 1 at 3). According to the SSO – which was attached as an exhibit – the "window slider on [his] cell door [must] remain closed at all times for the

duration of 30 days," except during security checks, medication, and mealtimes. (Docket No. 1-1). The SSO also directed plaintiff to exit his cell backwards while facing the back wall when his cell door was opened.

Plaintiff alleged that keeping the window slider closed deprived him of his sense of sight. (Docket No. 1 at 3). As such, he claimed that his Eighth and Fourteenth Amendment rights had been violated. (Docket No. 1 at 2). He sought to enjoin defendants from enforcing the SSO. (Docket No. 1 at 3).

Initially, plaintiff did not file a motion for leave to proceed in forma pauperis or pay the required filing fee. On June 9, 2021, however, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On August 23, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee of $1.00. (Docket No. 3). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal since it was not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Furthermore, plaintiff had not presented allegations as to what each individual defendant did or did not do to harm him.

Rather than dismissing outright, the Court ordered plaintiff to file an amended complaint. The Court's order provided instructions on preparing his amended complaint, and also directed the Clerk of Court to send plaintiff a copy of the Court's prisoner civil rights form. Plaintiff was given thirty days in which to submit his amended complaint. The Court advised him that a failure to comply would result in the dismissal of his case without prejudice and without further notice.

**Discussion**

On August 23, 2021, the Court ordered plaintiff to file an amended complaint on a Court-provided form within thirty days. The amended complaint was due on or before September 22, 2021. In the Court order, plaintiff was warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor sought an extension of time in which to do so. In fact, the Court has had no further communications with plaintiff since the filing of his motion to proceed in forma pauperis on June 9, 2021.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of August 23, 2021, and has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 23, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that dismissal of this action shall not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of October, 2021.

RODNEY W. SIPPEL  
UNITED STATES DISTRICT JUDGE